IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30497
Summary Calendar
_____

RALPH AMAT,

                                        Plaintiff-Appellant,

versus

SEAFARERS' INTERNATIONAL UNION; ET AL.,

                                        Defendants,

SEAFARERS' INTERNATIONAL PLAN; LOU DELMA,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 01-CV-1563)
_____

November 15, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM*

_____

   * Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Plaintiff-Appellant Ralph Amat appeals the district court's grant of summary judgment for Defendant-Appellee Seafarers' Pension Plan ("the plan"). Amat had sought a statutory penalty against the plan for its alleged failure to furnish him with a summary plan description ("SPD"). We affirm.

From 1959 until 1975, Amat was a member of the Seafarers' International Union. The union is affiliated with the plan, of which Amat was a participant. Between 1983 and 1997, Amat made several requests of the plan (through the union) for information regarding his claimed status as a beneficiary. First, he wanted to know how many pension benefit credits he had vested with the plan. In 1986, he asked whether his credits could be transferred to a different plan. In 1993, he asked how he could collect his retirement benefits from the plan. In 1996, he asked the plan administrator whether he had any vested credits with the plan, and for a detailed explanation how he could collect his benefits or why he was not entitled to any benefits if the plan concluded that he was not. Lastly, on September 12, 1997, Amat requested, among other things, a copy of the plan's summary description. One was provided to him a few days later, on October 3. Amat was also then reminded that the deferred pension program was not initiated until 1976. To be eligible for benefits under the deferred program, a participant had to have "at least one day of signatory employment on or after January 1, 1976." Amat subsequently obtained a day's credit for qualifying employment in 1999. Citing another plan rule, however, the plan later wrote that he was still not eligible for pension benefits.

Amat filed the instant suit in May 2001. In his complaint, Amat asserted a single

2

cause of action: failure to provide an SPD in accordance with the Employee Retirement Income Security Act ("ERISA").  He did not bring a claim for benefits due.  On the plan's summary judgment motion, the district court concluded that any claim Amat might have had against the plan for failing to furnish an SPD was time-barred to the extent it was based upon events occurring before May 1991.  The district court also determined that ERISA requires that an SPD be requested in writing before a plan or its administrator can be subject to the statutory penalty for nondisclosure.  On appeal, Amat argues that the district court erred in concluding that his claim is time-barred.  He also contends that the plan is subject to ERISA's statutory penalty for not automatically furnishing an SPD, irrespective of his never before having asked for one.  There are no disputed fact issues.  We review the district court's construction of a statute de novo.  See Spacek v. The Maritime Assn.--I.L.A. Pension Plan, 134 F.3d 283, 288 (5th Cir. 1998).

ERISA requires that the administrator of an ERISA-governed benefit plan automatically furnish to plan participants an SPD.  See 29 U.S.C. § 1021(a).  If the plan administrator does not do so, a participant may seek a statutory penalty against the administrator of up to $100 per day for each day an SPD is not supplied.  See id. § 1132(c)(1).  This right of action only exists, however, if the participant first requests an SPD from the administrator, and the administrator either fails or refuses to issue one.  See id. (explaining that an administrator "who fails or refuses to comply with a request for any information which such administrator is required . . . to furnish . . . within 30 days of such request may . . . be personally liable . . . in the amount of up to $100 a day from the

3

date of such failure or refusal . . . .").  Thus, even though ERISA requires that plan administrators automatically issue SPDs irrespective of whether a plan participant has requested one, there is no private right of action to recover a penalty for nondisclosure unless a request for an SPD is first made.  See Kleinhans v. Lisle Savings Profit Sharing Trust, 810 F.2d 618, 622 (7th Cir. 1987); see also Davis v. Featherstone, 97 F.3d 734, 738 (4th Cir. 1996)("The purpose of the penalty provision is to provide plan administrators with an incentive to meet requests for information in a timely fashion.")

In this case, it is not disputed that Amat did not request an SPD from the plan until 1997, and when he did, he was promptly provided with one.  Amat argues that the plan should have provided him with an SPD at the outset.  This may be true, but it does not change the fact that Amat did not before 1997 request an SPD.  His right to seek a penalty for nondisclosure was therefore never triggered.

AFFIRMED.[1]

---

[1] Having concluded that Amat is not entitled to a statutory penalty for the plan's not furnishing him with an SPD, we need not decide which state's law supplies the applicable statute of limitations or whether Amat's claim is time-barred.

4